FILED
SUPERIOR COURT
OF GUAM

2019 NOV 26 PM 1: 16

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>BRUCE MATTHEW CRUZ aka Bruce Matthew Unchangco Cruz aka Bruce Matthew Uncangco Cruz,<br><br>Defendant. | CRIMINAL CASE NO. CF0429-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 2, 2019, for hearing on Defendant Bruce Matthew Cruz aka Bruce Matthew Unchangco Cruz aka Bruce Matthew Uncangco Cruz's ("Defendant") Motion to Reduce Felony Family Violence Charge to a Misdemeanor. Defendant was present with counsel, Assistant Public Defender Alisha Molyneux and Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING Defendant's Motion to Reduce Felony Family Violence Charge to a Misdemeanor.

## BACKGROUND

On August 5, 2019, Defendant was indicted with one count of Family Violence (As a Third Degree Felony). (Indictment, Aug. 5, 2019). This charge stems from allegations that Defendant got into an argument with his girlfriend, Ms. Naomi Santos, which turned physical.

(Decl. of Matthew A. Phelps, Magistrate's Compl., Jul. 29, 2019). When Ms. Santos told Defendant she was leaving him, Defendant dragged a small couch across the door to prevent her from leaving. *Id.* When she attempted to jump over the couch to leave the room, Defendant dragged her to the ground and held her there. *Id.* A struggle then ensued on the ground and she struck Defendant until he released her. *Id.* Ms. Santos ran to the car, where her niece was inside the vehicle. *Id.* Defendant followed, stood in the doorway and began choking Ms. Santos. *Id.* The Guam Police Department Officer who responded to the scene, observed fresh abrasions to Ms. Santos' elbow, an abrasion to the left side of her neck extending to her ear, and a slight reddish mark on the right side of her neck. *Id.*

On September 4, 2019, Defendant filed the instant motion. On September 18, 2019, the Government filed its Opposition. On October 1, 2019, Defendant filed his Reply.

On October 2, 2019, the Court heard brief arguments from Defendant on his Motion, and the Government rested on its Opposition brief. The Court subsequently placed the matter under advisement.

## DISCUSSION

Guam law gives the Court the statutory authority and discretion to reduce a felony charge to a misdemeanor charge when the offense involves the crime of Family Violence. *See* 9 G.C.A. § 30.20(b) ("Upon a written, noticed motion prior to the commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor."). The Court is to consider seven factors when determining whether to reduce a Family Violence charge from a felony to a misdemeanor:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;

(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) the defendant's history or and amenability to counseling.

9 G.C.A. § 30.20(c). *See also People v. Perez*, 1999 Guam 2 ¶ 12 ("The Family Violence Act is a comprehensive statutory scheme that, when viewed as a whole, demands that the prosecuting attorney take into account a defendant's ability to move for a reduction of a felony charge. In the exercise of its discretion, the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the appropriateness of a felony charge of Family Violence."). The Court's discretion is limited in two ways: (1) if the Court finds substantial evidence that a victim suffered serious bodily injury, a felony family violence charge may not be reduced to a misdemeanor unless, due to unusual circumstances, such a reduction is manifestly in the interest of justice, or (2) if its' a defendant's third offense. *See* 9 G.C.A. §§ 30.20(d) and 30.20(a)(3). The Court notes that it only has the parties' pleadings and the Declaration attached to the Magistrate's Complaint before it for review.

The first factor for the Court to consider is "the extent or seriousness of the victim's injuries." 9 G.C.A. § 30.20(c)(1). The Court is to consider the extent or seriousness of the victim's injuries *as they were inflicted*, not as the defendant may have attempted to cause or recklessly risked causing. *See* 9 G.C.A. § 30.20(b), (c)(1). Here, Defendant argues that the victim's injuries were minimal and not serious. The Government argues that Defendant's act of choking the victim, regardless of whether it resulted in serious bodily injury, should be considered serious and not taken lightly. (Opp'n at 3). In Reply, Defendant sets forth that the victim stated he "did not 'choke' her, but held her on the side of the neck. The act did not restrict her airway or her breathing." (Reply at 2). The Court notes that while Defendant is alleged to have "choked" the victim, he was not charged with Strangulation (As a Third Degree Felony).

The Declaration attached to the Magistrate's Complaint notes that the GPD responding officer observed "fresh abrasions to [the victim's] elbow, an abrasion to the left side of her neck extending to her ear, and a slight reddish mark on the right side of her neck." Serious bodily

injury is defined as "bodily injury which creates: serious permanent disfigurement; a substantial risk or [sic] death or serious permanent disfigurement, severe or intense physical pain or protracted loss or impairment or consciousness or of the function of any bodily member or organ." 9 G.C.A. §16.10(c). Based on the facts presented, the victim suffered bodily injury, but not serious bodily injury. The Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

The second factor is "the defendant's history of violence against the same victim whether charged or uncharged." 9 G.C.A. § 30.20(c)(2). Defendant argues that he does not have a history of violence against the alleged victim, and the Government has not argued nor presented any evidence of a history of violence against the victim. The Court understands that there have been no previous charges of violence by the Defendant against the victim, nor has there been any other indication that he has committed any uncharged violent acts against the victim. Therefore, this factor weighs in favor of granting the motion.

The third factor is "the use of a gun or other weapon by the defendant." 9 G.C.A. § 30.20(c)(3). There are no allegations of use of a gun or weapon by Defendant in this matter. Therefore, this factor also weighs in favor of granting the motion.

The fourth factor is "the defendant's prior criminal history." 9 G.C.A. § 30.20(c)(4). The Court understands that Defendant has no prior criminal history. Therefore, this factor also weighs in favor of granting the motion.

The fifth factor is "the victim's attitude and conduct regarding the incident." 9 G.C.A. § 30.20(c)(5). The Government does not provide any information regarding the victim's attitude and conduct regarding the incident, only stating that "[t]he Defendant argues that the scuffle was mutual. However, any use of force used by Santos was in self-defense and to free herself from the Defendant." (Opp'n at 3). Although Defendant does not attach any statement or declaration from the victim, Defendant states that the victim "indicated that she desires that Mr. Cruz receive counseling" and that the she "went to the AG's office to 'drop charges' at one point, but was told that she cannot do so." (Reply at 3). The Court finds that this factor neither weighs in favor of or against the motion.

The sixth factor is "the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources." 9 G.C.A. § 30.20(c)(6). No allegations of alcohol or substance abuse have been made in this matter and the Court lacks any other information on whether Defendant has a history of substance abuse. Therefore, the Court finds that this factor is equivocal, and weighs neither in favor of nor against the motion.

The seventh and last factor is "the defendant's history of and amenability to counseling." 9 G.C.A. § 30.20(c)(7). Defendant indicates he "desires to engage in counseling and is amenable to attend counseling at Client Services." (Reply at 3). As this is Defendant's first criminal offense, the Court has no other information or history of counseling. Without more, the Court finds that this factor is also equivocal, and neither weighs in favor of nor against the motion.

Therefore, the Court, considering all seven factors, finds that the one count of Family Violence (As a Third Degree Felony) should not remain charged as a felony and GRANTS Defendant's Motion to Reduce Felony Family Violence Charge to Misdemeanor.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Reduce Felony Family Violence Charge to a Misdemeanor.

Further Proceedings are set for **December 3, 2019** at **9:00 a.m.**

**IT IS SO ORDERED** this 25th day of November, 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG & PDSC

Date: NOV 2 6 2019 Time: 1:30 pm

_Cynthia T. Tiong_
Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Cruz*
Case No. CF0429-19
Decision and Order